KALINA v. AMERICAN LABEL CO.

(Supreme Court, Appellate Division, First Department.   November 3, 1911.)

1. PLEADING (§ 317*)—DEMAND—SUFFICIENCY.
    In an action for conversion, allegations that on repeated occasions between May 10, 1909, and September 10, 1910, and specifically on or about specific dates, demands for return of the chattels were duly made, sufficiently stated the date of the demand, as against motion for bill of particulars.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–972; Dec. Dig. § 317.*]

2. PLEADING (§ 317*)—SUFFICIENCY—BILL OF PARTICULARS.
    Where plaintiff in conversion sought to recover the value of the chattels only, and not damages for their retention, defendant was not entitled to a bill of particulars for the items of damages.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

3. PLEADING (§§ 317, 324*)—BILL OF PARTICULARS—DEMANDS—SUFFICIENCY.
    Defendant in an action for conversion, being a corporation, and having raised an issue as to demand, claiming to be without knowledge concerning it, was entitled to a bill of particulars showing whether the demand was in writing, and, if so, to have a copy thereof set forth in the bill of particulars.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962, 980–985; Dec. Dig. §§ 317, 324.*]

Appeal from Special Term, New York County.

Action by Loesner Kalina against the American Label Company. From an order partly denying motion for bill of particulars, defendant appeals.   Modified and affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Harrison B. Weil, for appellant.
Abraham P. Wilkes, for respondent.

LAUGHLIN, J.   The action is for the conversion of "about 400 engravings upon stones, progressive proofs of certain dies and plates," used in and about printing and lithographing, which it is alleged plaintiff delivered to the defendant on the agreement that they were to be returned on demand.

The order grants the motion to the extent of requiring a bill of particulars of the names of the person or persons, upon whom the demand for the return of the chattels is alleged to have been made; but in other respects the motion was denied.   The notice of appeal specifies that the appeal is taken from the order, in so far as it denies the motion for a bill of particulars giving the particular dates, day, month, and year, when it is claimed a demand for the return of the chattels was made, and, if the demand was in writing, a copy thereof, and also an itemized statement of the damages claimed by the plaintiff.

[1] It is alleged in the amended complaint that after the delivery of the chattels, and prior to the commencement of the action, the plaintiff duly demanded of the defendant the return thereof "on re-

peated occasions between the 10th day of May, 1909, and the 10th day of September, 1910, and specifically on or about May 10, May 20, May 24, May 25, and the early part of June, 1910, and also on or about September 1, 1910." We are of opinion that the defendant is not entitled to have the date of the demand more definitely specified in a bill of particulars.

[2] The plaintiff only seeks to recover the value of the chattels, and not damages for the retention thereof, and therefore the defendant is not entitled to a bill of particulars of the items of the damages.

[3] The defendant is a corporation, and it puts in issue the allegations of the complaint with respect to the demand, and claims to be without knowledge concerning the same. In these circumstances, we are of opinion that the defendant was entitled to have the bill of particulars show whether or not the demand for a return of the chattels was in writing, and, if so, to have a copy thereof set forth in the bill of particulars.

The order should therefore be modified, by inserting a provision requiring the plaintiff to state in his bill of particulars whether or not the demand was in writing, and, if so, to set forth a copy thereof, and, as thus modified, affirmed, without costs. All concur.